(Superior Court of Cincinnati.)

Special Term 1900.

HENRY BURKHOLD, Assignee, v. C. C. BRAGG.

In a suit by a sub-contractor against the owner for balance due, the fact that the owner has a claim against the principal contractor for breach of contract is not sufficient ground for the making of the principal contractor a party by the defendant owner, where the principal contractor claims no interest antagonistic to that of the sub-contractor.

DEMPSEY, J:

In this case the plaintiff, as assignee of Martin Byrnes, filed his petition seeking to recover the balance due on a contract for work done by Byrnes, as subcontractor, under Kirchner, who was original contractor with defendant, and also to foreclose a mechanic's lien taken to secure the balance due on said contract.

The defendant first answers setting up defenses in bar of plaintiff's claim founded on derelictions of either said Byrnes or Kirchner. Defendant then counterclaims against said Kirchner on the original contract, prays for an accounting against Kirchner, and causes a summons to be issued against him on the cross-petition, thus, in effect, and without leave of

the court making Kirchner a party defendant to this action.

A motion is interposed by plaintiff to strike out specific portions of the prayer in so far as they pray relief against Kirchner; and a second motion by Kirchner to have himself dismissed from the suit.

I am unable to see how, even on the theory of accounting, Kirchner is a necessary or proper party to this action. If he were necessary to the determination of the issues between the plaintiff and defendant, it would be proper to let him remain in. The defendant claims no affirmative relief against plaintiff or Byrnes, in which Kirchner would be interested, and as to which he then would be a proper party, but because Byrnes' rights are derivative from Kirchner, and he, defendant, has a claim against Kirchner for alleged breach of the original contract, he claims the right to have Byrnes or his assignee participate in his contest with Kirchner. Byrnes' rights under his sub-contract can rise no higher than Kirchner's rights against Bragg, but that is all matter of pure defense against Byrnes and assignee in bar of their action. If Kirchner were claiming any part of the sum claimed by Byrnes' assignee, then he would properly be a party; but the converse is the case; it is Bragg who denies any indebtedness on the original contract, and over and above that seeks to recover from Kirchner for a violation of it; he doesn't seek to recover anything from Byrnes or his assignee. In whatever respect we view it, I am unable to see how in the controversy between plaintiff and Bragg, Kirchner when he is claiming no interest antagonistic to Byrnes or assignee, and when every defense Bragg has against Kirchner can be set up in this case against Byrnes' claim, Kirchner and any claims Bragg may have against him can be injected into this case. It is my judgment that both motions ought to be granted, and it is so ordered.

Burch & Johnson, for plaintiff.
L. C. Black for Bragg; E. B. Gregg for Kirchner.